# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| DONTAVIOUS BERRY, | : | MOTION TO VACATE |
|    Movant, | : | 28 U.S.C. § 2255 |
| | : | |
|    v. | : | CRIMINAL INDICTMENT NO. |
| | : | 1:16-CR-0413-AT-JFK-1 |
| UNITED STATES OF AMERICA, | : | |
|    Respondent. | : | CIVIL FILE NO. |
| | : | 1:18-CV-4186-AT-JFK |

## UNITED STATES MAGISTRATE JUDGE'S ORDER
## AND FINAL REPORT AND RECOMMENDATION

The matter is before the Court on Movant's motion to vacate [48], Respondent's answer-response [51], Movant's post-hearing brief in support of the motion to vacate [79], Respondent's motion withdrawing its opposition [80], and Movant's unopposed motion to permit direct appeal [81].

## I. Discussion

In his motion to vacate, Movant asserted (1) that he was erroneously classified and sentenced as a recidivist violent criminal, (2) that counsel was ineffective for failing to object to his sentencing enhancement, and (3) that counsel was ineffective in regard to the filing of a notice of appeal. (Mot. to Vacate at 1 and Mem. in Support of Mot. to Vacate at 4, 14, ECF No. 48). On his third claim, Movant asserted that he

requested counsel to file an appeal, that counsel refused and failed to do so, and that counsel never consulted with him about an appeal. (Mot. to Vacate at 1-4).

Respondent requested a hearing on the third claim and stated that the Court should "resolve the factual issue of whether [Movant] instructed his counsel to appeal." (Resp't Resp. at 5, ECF No. 51). Accordingly, the Court held a hearing. (Hr'g Tr., ECF No. 77-1).

In his post-hearing brief, Movant has argued that the Court should credit his testimony that – although during his September 22, 2017, talk with counsel he did not specifically ask counsel to file an appeal from his September 21, 2017, criminal judgment – on September 25, 2017, he sent a letter to counsel saying that he wanted to file an appeal. (Mov't Post-Hr'g Br. at 4-5, 11-14, ECF No. 79). Movant also argued (1) that he should receive the benefit of the doubt in regard to his testimony that he talked with counsel on the phone on October 23 and November 3, 2017, and believed that counsel was working on his appeal and (2) that, even if counsel did not receive the letter, counsel after the phone conversations should have filed a request for

2

an out-of-time appeal (which Movant states would have been permissible under Fed. R. App. P. 4(b)(4)).  (Id. at 5-6, 14-16).[1]

Respondent states that it withdraws its opposition to Movant filing an out of time appeal and requests that the Court vacate the judgment in this case to allow Movant to file an appeal.  (Resp't Mot. Withdrawing Opp'n, ECF No. 80).  Additionally, Movant has filed a motion to vacate the judgment in his criminal case, to reimpose his prior sentence, and to dismiss his § 2255 motion without prejudice.  (Mov't Unopposed Mot., ECF No. 81).

"A direct appeal from a United States District court to a court of appeals is . . . a right which is fundamental to the concept of due process of law." Arrastia v. United States, 455 F.2d 736, 739 (5th Cir. 1972).  A criminal defense attorney has an affirmative duty to meaningfully consult with his client regarding an appeal and to file an appeal if the client so requests, regardless of the merits of the appeal.  Thompson v. United States, 504 F.3d 1203, 1206-07 (11th Cir. 2007).  "[A] lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a

---

[1]The Court notes that Movant's prior counsel, Ms. Victoria Calvert, testified that during their September 22, 2017, meeting, Movant did not request that she file an appeal; that thereafter she never discussed filing an appeal with Movant; that he never called her and asked her to file an appeal; and that she did not receive the September 25, 2017, letter in which he asked about an appeal.  (Hr'g Tr. at 53, 58, 59, 63-65).

3

manner that is professionally unreasonable[,]" prejudice is presumed, and the defendant is entitled to relief. Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000); and see Gomez-Diaz v. United States, 433 F.3d 788, 792 (11th Cir. 2005).

Additionally, the undersigned observes that the Eleventh Circuit Court of Appeals has accepted the district court granting § 2255 relief to allow for a direct appeal without deciding whether counsel was ineffective. See United States v. Burrell, 662 F. App'x 889, 895 (11th Cir. 2016) (accepting district court's § 2255 grant of re-sentencing relief to permit direct appeal without deciding ineffective assistance of counsel); United States v. Wilson, 445 F. App'x 203, 205 (11th Cir. 2011) (accepting, without discussion, district court's § 2255 grant of re-sentencing relief to permit direct appeal without addressing the merits of ineffective assistance of counsel).

Here, based on Respondent's withdrawal of any opposition to granting relief to Movant, the undersigned finds that it is unnecessary to determine whether counsel in fact provided ineffective assistance in regard to filing an appeal. Given the importance of the right to appeal as discussed in Roe, Gomez-Diaz, and Thompson and Respondent's withdrawal of any opposition to relief for Movant, it is recommended that the Court exercise its discretion to grant Movant an opportunity to appeal his conviction and sentence.

4

### III. Conclusion

**IT IS ORDERED** that Respondent's motion withdrawing its opposition [80] is **DENIED** as unnecessary as the Court's permission is not required to withdraw opposition to a motion to vacate and that Movant's motion to permit a direct appeal [81] is **DENIED** as moot.

**IT IS RECOMMENDED** that the § 2255 motion [48] be **GRANTED**, but only to the degree that Movant seeks an out-of-time appeal, and that Movant's § 2255 motion otherwise be **DISMISSED** without prejudice. See McIver v. United States, 307 F.3d 1327, 1330 (11th Cir. 2002) (holding that a successful § 2255 motion to obtain an out-of-time appeal does not render a subsequent § 2255 motion second or successive).

> When the district courts of this circuit conclude that an out-of-time appeal in a criminal case is warranted as the remedy in a § 2255 proceeding, they should effect that remedy in the following way: (1) the criminal judgment from which the out-of-time appeal is to be permitted should be vacated; (2) the same sentence should then be reimposed; (3) upon reimposition of that sentence, the defendant should be advised of all the rights associated with an appeal from any criminal sentence; and (4) the defendant should also be advised that the time for filing a notice of appeal from that re-imposed sentence is [fourteen[2]] days, which is dictated by Rule 4(b)(1)(A)(i).

---

[2] The time for filing an appeal has been amended and is now fourteen days. Fed. R. App. P. 4(b)(1)(A)(i).

AO 72A
(Rev.8/82)

United States v. Phillips, 225 F.3d 1198, 1201 (11th Cir. 2000).

Pursuant to Phillips, **IT IS RECOMMENDED**:

(1) that the criminal judgment in this action be **VACATED**;

(2) that the sentence be **REIMPOSED** with appropriate credit for time already served and sums of the special assessment that may already have been paid; and

(3) that Movant be **ADVISED**: (a) that he has the right to an appeal; (b) that, if he is unable to pay the cost of an appeal, he may apply for *in forma pauperis* status to pursue the appeal; (c) that, if he so requests, the Clerk of this Court will prepare and file a notice of appeal on his behalf; (d) that, if he is unable to afford counsel for the appeal, an attorney will be appointed for him; and (e) that, with few exceptions, any notice of appeal must be filed within fourteen days of the entry of this order.

The Clerk is **DIRECTED** to withdraw the reference to the Magistrate Judge.

**IT IS SO ORDERED**, **RECOMMENDED**, **and DIRECTED**, this 14th day of August, 2019.

JANET F. KING
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)